ORCASITAS, APPELLANT, v. THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Caguas regarding Curable Defects noted in the Record of a Judicial Deed of Sale.

No. 206.—Decided December 24, 1914.

JUDICIAL SALE—JUDICIAL NOTICE—DEPUTY MARSHAL—CURABLE DEFECT.—A registrar of property in Porto Rico cannot take judicial notice of deputy marshals of district courts and failure to prove the official capacity of such official in a judicial deed of sale executed by a deputy marshal is a curable defect, a

certificate by a notary to the effect that the party appearing is discharging the duties of deputy marshal not being sufficient.

ID.—WRIT OF EXECUTION—CERTIFICATE· OF SALE—CURABLE DEFECT.—Failure to copy the writ of execution and the certificate of sale into a deed of judicial sale, or failure ·to present a certified copy of the said documents or their equivalent together with said deed.to the registrar, is a curable defect and the fact that the notary makes reference thereto· in the deed will not suffice.

ID.—POWER OF REGISTRAR.—Registrars have authority to determine when a deed of judicial sale in foreclosure proceedings is presented for record whether the law governing said proceedings has been complied with and whether demand for payment has been made upon the person specified by ·law.

ID.—PRESUMPTION.—In judicial sales there is no presumption that the marshal has performed everything in due form, but the purchaser must show to the registrar by authentic documents that the provisions of law have been complied with.

ID.—FORECLOSURE PROCEEDINGS—SUCCESSION—CURABLE DEFECT.—In a deed of judicial sale in foreclosure proceedings failure to specify · the persons composing a succession is a curable defect.

TITLE OF ACQUISITION—SUCCESSION.—In accordance with the jurisprudence laid down in the cases of *Pasalacqua Hermanos & Co.* v. *The Registrar*, 6 P. R. R., 41, and *Zayas* v. *The Registrar*, 14 P. R. R., 589, in order to record a deed of judicial sale in foreclosure proceedings brought against the succession of the debtor it is not necessary to state in the said deed the manner in which the said succession acquired the property foreclosed or to make a prior record of the said property in the registry in the name of the heirs composing said succession.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

Mr. Lorenzo Giménez García, the acting registrar, appeared by brief *pro se*.

MR. JUSTICE WOLF delivered the opinion of the court.

On the ninth of October a deed from the sub-marshal of the District Court of Humacao, Rafael Mas, to the appellant was presented in the Registry of Caguas and was recorded with certain curable defects. The appellant denies the existence of the curable defects and we shall discuss them *seriatim*.

The first defect assigned was that the deed, purporting to be in furtherance of a judicial sale, did not duly show that Rafael Mas was a sub-marshal of the district court. We cannot agree with the appellant that the certificate of the notary is sufficient to show that Rafael Mas was a sub-marshal of the District Court of Humacao. The notary, follow-

·ing the notarial law, has to certify that he knew the parties and a certificate of such knowledge was actually made by the notary in this case. The notary did not and should not certify of his personal knowledge that a particular person occupied a certain position or appeared in a certain character. A registrar in Porto Rico cannot take judicial notice of the sub-marshal of the district court in this case. Perhaps the registrar might take judicial notice of the office of the marshal, but ordinarily it is the marshal who should make a judicial sale, and when a sub-marshal makes a sale the registrar has a right to require that he prove that he is such sub-marshal and show his authority. The marshal is elected by the people. The sub-marshals are not and are appointed and removed at the will of the marshal. The action of the registrar was clearly correct with respect to this first defect.

The registrar found as a second defect that the deed presented for record contained neither the order of execution nor the fact of the auction sale's being duly made (*ni el acta de subasta*). The registrar in his answer draws our attention to the absence of these two matters, and says that the demand for payment (*requerimiento*) was lacking. Appellant says that these matters sufficiently appear in the recitals of the notary, but this sale, it appears, was made to the appellant by virtue of the summary procedure of the Mortgage Law, and we agree with the registrar that the responsibility of passing upon the compliance with such summary procedure rests with that officer and not with the notary. It is not sufficient that the notary should recite the proceeding had in a district court, but such copies of those proceedings as may be necessary should be presented to the registrar so that he may have an opportunity of knowing whether the law has been complied with, or the same may be copied in the deed from the originals or from copies duly issued and certified. In no other way can a subsequent purchaser be protected. The original papers or copies thereof, as the registrar points out, were all the more necessary in this case inasmuch as the

mortgage proceeding was brought against the debtor, José Jiménez Saurí, or his succession, and the question whether the demand for payment was made upon the proper person was proper matter for investigation by the registrar. In judicial sales there is no presumption that everything was duly done by the marshal, but it is incumbent on the purchaser to show the registrar by authentic documents that the law has been followed.

The cases of *Carbonell v. The Registrar,* 16 P. R. R., 415, and *Vázquez* v. *The Registrar,* 19 P. R. R., 1074, have some application although there the sales were made in the municipal court and the summary procedure of the Mortgage Law was not involved.

The third defect alleged was that the deed failed to show who composed the succession of José Jiménez Saurí. We agree with the registrar that if the citing or summoning of the succession was necessary, the composition of such succession should be made to appear, so that the registrar might determine whether there had been proper process.

With respect to the fourth defect, we are inclined to agree with the appellant that it was not necessary to set out in the deed the form of the acquisition by the succession or that the property should be inscribed in the name of the heirs in the registry. *Pasalacqua Hermanos & Co.* v. *The Registrar,* 6 P. R. R., 41; *Zayas* v. *The Registrar,* 14 P. R. R., 587.

The note of the registrar must be affirmed with respect to the first three defects assigned and reversed as to the fourth.

> *Decision appealed from affirmed as to the first three curable defects and reversed as to the last.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.